UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MONICA G.,[1]

Plaintiff,

v.

FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 2:25-cv-00283-DKG

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability insurance benefits. (Dkt. 1). The matter is fully briefed. (Dkt. 10, 13, 15).[2] Having carefully reviewed the parties' memoranda and the entire administrative record ("AR"), the Court will affirm the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On July 17, 2019, Plaintiff filed a Title II application for a period of disability and

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Plaintiff did not file a reply brief and the time for doing so has passed. Supp. R. Soc. Sec. 8; (Dkt. 4).

disability insurance benefits under the Social Security Act, alleging disability beginning June 21, 2019. (Dkt. 13). Plaintiff's application was denied by the Commissioner. An Administrative Law Judge ("ALJ") issued an unfavorable decision on March 8, 2021. On judicial review, that decision was remanded pursuant to a stipulation of the parties. (AR 1875-1876). On remand, the ALJ conducted a telephonic hearing on November 2, 2023. (AR 1768).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision dated January 2, 2024, finding Plaintiff not disabled. (AR 1768-86). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (Dkt. 1-1, Ex. A); 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was thirty-eight years of age on the alleged disability onset date. (AR 1784). Plaintiff has four years of college, falling within the high school and above educational category, and previous relevant work experience as a chiropractic assistant, nuclear medicine technologist, phlebotomist, radiologic technologist, secretary, and medical technologist. (AR 1784). Plaintiff claims being unable to work due to physical and mental impairments of labral tear in the right hip status post four surgeries, migraines, post-traumatic stress disorder, and depression/anxiety. (Dkt. 13; AR 1772).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had engaged in substantial gainful activity since the alleged onset date, during the periods of October 2022 through March 2023. (AR 17). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: labral tear in the right hip status post four surgeries, migraines, post-traumatic stress disorder, and depression/anxiety secondary to general medical condition. (AR 1772). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 1773).

The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following additional limitations:

> [The plaintiff] requires use of a cane when walking. She can perform postural activities occasionally except she can never climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to respirator irritants

> and hazards. She can have no more than moderate exposure to noise. When working with bright lights/fluorescent light, she needs the option to wear protection such as sunglasses or visor. She is able to understand, remember and carry out simple, routine tasks. She is able to maintain concentration, persistence, or pace on simple, routine tasks for two-hour intervals between regularly scheduled breaks throughout an eight-hour workday. She can adapt to simple changes and should have no assembly line pace or similarly fast-paced work. She can have occasional and superficial interaction with the public, coworkers, and supervisors.

(AR 1775). At step four, the ALJ found Plaintiff unable to perform any past relevant work. (AR 1784). At step five, the ALJ relied upon testimony from the vocational expert to conclude that jobs exist in significant numbers in the national economy that Plaintiff could perform given her age, education, work experience, and RFC. (AR 1784). The ALJ therefore found Plaintiff not disabled.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court

reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 122526 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding even if other evidence may exist that supports Plaintiff's claims. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); 42 U.S.C. § 405(g). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

The sole issue on review is Plaintiff's challenge to the ALJ's step five findings. (Dkt. 13). Plaintiff argues the ALJ's finding that Plaintiff can perform work that exists in significant numbers in the national economy is not supported by substantial evidence. (Dkt. 13). Defendant maintains substantial evidence supports the step five finding because the Plaintiff's submission of competing job numbers to the Appeals Council fails to undermine the substantial evidence supporting the ALJ's decision. (Dkt. 15).

### 1. Legal Standard

At step five, the burden shifts to the Commissioner to prove that a person with the claimant's limitations, age, education, and experience can perform occupations that exist in significant numbers in the national economy. *Kilpatrick v. Kijakazi*, 35 F.4th 1187,

1191 (9th Cir. 2022); 20 C.F.R. § 404.1512(b)(3), 404.1560(c)(1). In making this determination, the ALJ relies on the Dictionary of Occupational Titles (DOT) and may also rely on the testimony of a vocational expert ("VE"). *Zavalin v. Colvin*, 778 F.3d 842, 845-846 (9th Cir. 2015).

The SSA recognizes qualified VE's as "'reliable sources of occupational information in the evaluation of disability claims.'" *Kilpatrick*, 35 F.4th at 1192 (quoting SSR 00-4p, 65 Fed. Reg. 75759, 75760 (Dec. 4, 2000)). Indeed, a VE's testimony as to the number of jobs existing in the national economy that a claimant can perform is "ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford*, 950 F.3d at 1160 (citing *Tackett*, 180 F.3d at 1100); *see also Kilpatrick*, 35 F.4th at 1192-1193 (stating a VE's testimony may count as substantial evidence even when unaccompanied by supporting data). However, before relying on the VE's testimony, the ALJ has a duty to resolve any apparent inconsistencies in the evidence, including conflicts between the VE's testimony and the DOT, and between the job-number estimates provided by the VE and the claimant. *Wischmann v. Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023); SSR 00-4p (ALJ has an affirmative duty to inquire into the existence of potential conflicts between the VE's testimony and the DOT, and obtain an explanation from the VE regarding any conflicts that do exist). This "duty arises only where the purportedly inconsistent evidence is both significant and probative, as opposed to 'meritless or immaterial.'" *Wischmann*, 68 F.4th at 505 (quoting *Kilpatrick*, 35 F.4th at 1193–1194).

**2. Analysis**

Plaintiff argues the step five determination that she can perform work that exists in significant numbers in the national economy is not supported by substantial evidence. (Dkt. 13). Based on the VE testimony, the ALJ concluded that Plaintiff can perform the jobs of document preparer/scanner (15,600 jobs in the national economy), addresser (10,600 jobs in the national economy), and touch up screen inspector (18,700 jobs in the national economy), totaling roughly 44,900 jobs in the national economy. (AR 1785). Plaintiff argues that the aforementioned jobs do not exist in significant numbers in the national economy based on new and reduced job number estimates Plaintiff submitted that she derived from the software program Skilltran's Job Browser Pro. (Dkt. 13; AR 1960-1969). The Court finds as follows.

*Wischman* is instructive in evaluating whether conflicting evidence about job numbers are both significant and probative. *Wischmann v. Kijakazi*, 68 F.4th 498 (9th Cir. 2023).[3] In *Wischmann*, the Ninth Circuit explained that a letter from claimant's counsel and job-number printouts from Skilltran's Job Browser Pro software program were not significant probative evidence because they lacked the information necessary to evaluate

---

[3] Plaintiff satisfied the procedural prerequisites for challenging VE job number evidence as she inquired into the VE basis for testimony at trial and submitted new evidence challenging that testimony to the Appeals Council. *See Shaibi v. Berryhill,* 883 F.3d 1102, 1110 (9th Cir. 2017). Accordingly, the Court need only consider whether that additional evidence was both significant and probative.

and compare the data submitted by the claimant to that testified to by the VE, noting the raw data provided was not "comprehensible to a lay person, and [claimant] does not provide the interpretation necessary to make the pages meaningful to a court." *Id.* at 507. The court further noted that Job Browser Pro was simply a tool to help VEs reach job number estimates and cautioned that "experience in using the program and interpreting the output would ordinarily be necessary to produce probative results." *Id.* Unless plaintiffs could provide evidence about the experience of the person who produced the data, whether the VE's methodology was replicated in producing the plaintiff's data, or what version of the software or platform was used, the reliability – and therefore the probative value – of the plaintiff's competing job number evidence could not be established. *Id.* Because the plaintiff's competing job number evidence was not probative, the court held that it did not give rise to an inconsistency that the ALJ would be required to reconcile. *Id.*

Here, Plaintiff submitted evidence to the Appeals Council consisting of a written exception accompanied by a PDF report generated by a Skilltran product. (AR 1957, 1960-1969). Plaintiff's brief indicates that Skilltran's Job Browser Pro was used to produce the report. (Dkt. 13). Plaintiff's report is titled "Estimated DOT Employment Number per DOT Occupation," and shows that the "Skilltran Industry Context Method" was used to generate the report. (AR 1968). Plaintiff's report also includes a disclaimer directly below the title, indicating that "For full industry details about each occupation, use Job Browser Pro (PC or Web) or OASYS Web." (AR 1968). Plaintiff's report shows

a total of 17,241 jobs in the national economy for the jobs of document preparer, addresser, and touch up screen inspector. (AR 1968). Plaintiff's report also lists numerous data sources used to generate the report. (AR 1968).

Like the plaintiff in *Wischmann*, Plaintiff here similarly fails to provide evidence about the experience of the person who produced the data in using the program and interpreting the output that would ordinarily be necessary to produce probative results. Plaintiff did not submit evidence explaining how the methodology she used compared to the VE's methodology, whether the datasets consulted were the same, how the program was used, or how the evidence counters the VE's testimony as based on the VE's decades of professional experience. By contrast, the VE consulted the DOT, Job Browser Pro, O*Net, and OASYS to generate job numbers. (AR 1820). These data sources were supplemented by the VE's 33-year professional experience as a vocational rehabilitation counselor. (AR 1785; AR 1819).

Based on the foregoing and having carefully reviewed the record, the Court finds that Plaintiff's submissions are not significant probative evidence of any inconsistency between the VE's testimony and the evidence submitted by Plaintiff necessitating remand. *Wischmann*, 68 F.4th at 507. As such, there was no evidentiary inconsistency that the ALJ was required to resolve. *Wischmann*, 68 F.4th at 507; *Stamps v. O'Malley*, 2024 WL 363128, at *8 (E.D. Cal. Jan. 31, 2024). The ALJ therefore did not err at step five by relying on the VE's testimony relevant to the number of jobs for a document preparer/scanner, addresser, and touch up screen inspector. *Kilpatrick*, 35 F.4th at 1192

(quoting *Ford*, 950 F.3d at 1160). For these reasons, the decision of the Commissioner will be affirmed.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERD** that:

1) The decision of the Commissioner of Social Security is **AFFIRMED**;

2) Judgment is **ENTERED** consistent with the above in favor of Defendant.

DATED: September 28, 2026

Honorable Debora K. Grasham
United States Magistrate Judge